# IN THE MIDDLE DISTRICT OF FLORIDA
# UNITED STATES DISTRICT COURT
# TAMPA DIVISION

**GREGORY EVERETT,**

    **Plaintiff,**

vs.                                                                                  CASE NO.:

**BRINKER FLORIDA, INC., d/b/a**
**CHILI'S GRILL & BAR**

    **Defendant.**

_____/

## COMPLAINT

Plaintiff, GREGORY EVERETT ("Plaintiff or Everett"), by and through his undersigned counsel, hereby sues the Defendant, BRINKER FLORIDA, INC. d/b/a CHILI'S GRILL & BAR ("Defendant or Chili's"), a foreign corporation and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff, GREGORY EVERETT, is a resident of Hillsborough County, Florida.

4. Defendant, BRINKER FLORIDA, INC. d/b/a CHILI'S GRILL & BAR, is a Foreign corporation, licensed and authorized to conduct business in the State of Florida and doing business within this Judicial District.

5. Defendant, BRINKER FLORIDA, INC. d/b/a CHILI'S GRILL & BAR is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## GENERAL ALLEGATIONS

6. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's Federal and State protected rights.

7. At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

8. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

9. Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

10. Plaintiff, Gregory Everett, timely filed a Charge of Discrimination

with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on November 3, 2022.

11. On May 30, 2024, Plaintiff received EEOC's Notice of Right to Sue related to Plaintiff's Charge of Discrimination. This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue; therefore, Plaintiff has met all conditions precedent to filing this Complaint.

12. Jurisdiction over this claim is appropriate pursuant to Chapter 760, *Florida Statutes*, because more than one-hundred and eighty (180) days have passed since the filing of the Charge.

## FACTUAL ALLEGATIONS

13. Plaintiff began his employment with the Defendant on or around January 2022 as a line cook and reported to Defendant's General Manager

14. Plaintiff is an African American male.

15. Almost immediately upon the start of Plaintiff's employment, his General Manager began to discriminate against Plaintiff and to harass him.

16. On one occasion the General Manager pulled Plaintiff forcibly and aggressively into his office and would frequently yell at Plaintiff in front of other co-workers.

17. The General Manager would have Plaintiff clean other stations in the kitchen and refuse to allow Plaintiff to take breaks.

18. The General Manger did not subject any of the non-black or non-dark skinned line cooks to the discriminatory and harassing treatment.

19. In or around April 2022, Plaintiff contacted the HR department and verbally submitted a complaint regarding his General Manager's race/color discrimination and harassment.

20. Prior to making the complaint to HR Plaintiff would work 5-6 days per week but immediately following the complaint Plaintiff's hours were reduced to 3 days per week.

21. In or around August 5, 2022, Plaintiff sent a written complaint to HR's representative as the race/color discrimination and harassment by his General Manager continued.

22. In or around October 14, 2022, Plaintiff was contacted by HR to inquire whether the discrimination and harassment had ceased.  When Plaintiff informed HR it had not, HR told him that it would need to disclose Plaintiff's name to his General Manager to address the complaint.

23. Immediately following the phone conversation with HR Plaintiff's schedule was reduced to 2 days per week.

24. In or around October 31, 2022, Plaintiff sent another written complaint to HR about the race/color discrimination and harassment continuing despite his April 2022 and August 2022 complaints.

25. On November 3, 2022, Plaintiff filed a discrimination charge with the EEOC. And in mid-December 2022, Defendant terminated his employment.

## COUNT I
## 42 U.S.C. § 1981 DISCRIMINATION

26. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 25.

27. Plaintiff is a Black male.

28. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his race in violation of 42 U.S.C. § 1981, for which Defendant is liable.

29. Defendant knew, or should have known of the discrimination.

30. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer the following damages:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotion pain and suffering;

    e. Punitive damages;

    f. For costs and attorney's fees;

    g. Injunctive relief;

    h. For any other relief this Court deems just and equitable.

**WHEREFORE,** Plaintiff, GREGORY EVERETT, demands a trial by jury and judgment against Defendant, BRINKER FLORIDA, INC. d/b/a CHILI'S GRILL & BAR, for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

## COUNT II
## 42 U.S.C. § 1981 - RETALIATION

31. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 24.

32. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Title VII and/or participating in an investigation.

33. The above-described acts of retaliation constitute a violation of Title VII, 42 U.S.C. § 2000, *et seq.* and Section 1981.

34. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Interest on front pay and benefits;

    e. Compensatory damages, including those for emotional pain and suffering;

  f. Punitive damages;

  g. Injunctive relief;

  h. Attorney's fees and costs; and

  i. All such other relief/damages to which Plaintiff is entitled.

**WHEREFORE,** Plaintiff, GREGORY EVERETT, demands a trial by jury and judgment against Defendant, BRINKER FLORIDA, INC. d/b/a CHILI'S GRILL & BAR for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

## COUNT III
## TITLE VII - RACE DISCRIMINATION

35. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 24.

36. Plaintiff is a member of a protected class under Title VII.

37. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his race in violation of Title VII of the Civil Rights Act.

38. Defendant knew, or should have known of the discrimination.

39. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer the following damages:

  a. Back pay and benefits;

  b. Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotion pain and suffering;

    e.    Punitive damages;

    f.    For costs and attorney's fees;

    g.    Injunctive relief;

    h.    For any other relief this Court deems just and equitable.

**WHEREFORE,** Plaintiff, GREGORY EVERETT, demands a trial by jury and judgment against Defendant, BRINKER FLORIDA, INC. d/b/a CHILI'S GRILL & BAR, for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

## COUNT IV
## TITLE VII - RETALIATION

40. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 25.

41. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Title VII and/or participating in an investigation.

42. The above-described acts of retaliation constitute a violation of Title VII, 42 U.S.C. § 2000, *et seq*.

43. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

8

      a.    Back pay and benefits;

      b.    Interest on back pay and benefits;

      c.    Front pay and benefits;

      d.    Interest on front pay and benefits;

      e.    Compensatory damages, including those for emotional pain and suffering;

      f.    Punitive damages;

      g.    Injunctive relief;

      h.    Attorney's fees and costs; and

      i.    All such other relief/damages to which Plaintiff is entitled.

**WHEREFORE,** Plaintiff, GREGORY EVERETT, demands a trial by jury and judgment against Defendant, BRINKER FLORIDA, INC. d/b/a CHILI'S GRILL & BAR for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

## COUNT V
## FCRA- RACE DISCRIMINATION

44. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 25.

45. Plaintiff is a member of a protected class under the Florida Civil Rights Act.

46. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his race in violation of the Florida Civil Rights Act.

47. Defendant knew or should have known of the discrimination.

48. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer the following damages:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotion pain and suffering;

    e. For costs and attorney's fees;

    f. Injunctive relief;

    g. For any other relief this Court deems just and equitable.

**WHEREFORE,** Plaintiff, GREGORY EVERETT, demands a trial by jury and judgment against Defendant, BRINKER FLORIDA, INC. d/b/a CHILI'S GRILL & BAR for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

## COUNT VI
## FLORIDA CIVIL RIGHTS ACT – RACE DISCRIMINATION RETALIATION

49. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 25.

50. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Florida Statutes Chapter 760 and/or participating in an investigation

51. The above-described acts of retaliation constitute a violation of Florida Statutes Chapter 760 for which Defendant is liable.

52. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer the following damages:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotion pain and suffering;

    e. For costs and attorney's fees;

    f. Injunctive relief;

    g. For any other relief this Court deems just and equitable.

**WHEREFORE**, Plaintiff, GREGORY EVERETT, demands a trial by jury and judgment against Defendant, BRINKER FLORIDA, INC. d/b/a CHILI'S GRILL & BAR for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

### DEMAND FOR JURY TRIAL

53. Plaintiff, GREGORY EVERETT, requests a jury trial on all issues so triable.

DATED this 22nd day of August, 2024.

**FLORIN | GRAY**

*/s/Scott L. Terry*
**SCOTT L. TERRY, ESQUIRE**
Florida Bar No.: 77105
Primary:  Sterry@floringray.com
Secondary:  angela@floringray.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@floringray.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 220-4000
Facsimile (727) 483-7942
Attorneys for Plaintiff